UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

STEVEN L. TURNER,

        Plaintiff,

    v.                                                 Case No. 24-cv-595-pp

MARTIN J. O'MALLEY,

        Defendant.

## ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING FILING FEE (DKT. NO. 2)

      The plaintiff has filed a complaint seeking judicial review of a final administrative decision denying his claim for disability insurance benefits under the Social Security Act. Dkt. No. 1. He also filed a motion for leave to proceed without prepaying the filing fee. Dkt. No. 2.

      Federal law requires a person who files a complaint in federal court to pay $405—a filing fee of $350 (28 U.S.C. §1914(a)) and a $55 administrative fee (Judicial Conference of the United States District Court Miscellaneous Fee Schedule Effective the December 1, 2023, #14). To allow the plaintiff to proceed without prepaying the filing fee, the court first must decide whether the plaintiff can pay the fee; if not, it must determine whether the lawsuit is frivolous. 28 U.S.C. §§1915(a) and 1915(e)(2)(B)(i).

      Based on the facts in the plaintiff's affidavit, the court concludes that he does not have the ability to pay the filing fee. The affidavit indicates that the

1

plaintiff is not employed, he is married and he has no dependents that he and his spouse are responsible for supporting. Dkt. No. 2 at 1. The plaintiff lists income of $2,240.11 per month from his spouse's employment and $597 in Foodshare. Id. at 2. The plaintiff's listed expenses total $2,218 per month ($1,075 rent and $1,143 other household expenses). Id. at 2-3. The plaintiff does not own his home; he owns two vehicles, a 2010 Ford Edge worth approximately $3,000 and a non-working 2009 GMC Acadia, which the plaintiff indicates is worthless. Id. at 3. The plaintiff does not own any other property of value and he has $5.19 in cash on hand or in a checking or savings account. Id. at 3-4. The plaintiff has demonstrated that he cannot pay the $405 fee.

     The next step is to determine whether the case is frivolous. A case is frivolous if there is no arguable basis for relief either in law or in fact. Denton v. Hernandez, 504 U.S. 25, 31 (1992) (quoting Nietzke v. Williams, 490 U.S. 319, 325 (1989); Casteel v. Pieschek, 3 F.3d 1050, 1056 (7th Cir. 1993)). A person may obtain district court review of a final decision of the Commissioner of Social Security. 42 U.S.C. §405(g). The district court must uphold the Commissioner's final decision as long as the Commissioner used the correct legal standards and the decision is supported by substantial evidence. See Roddy v. Astrue, 705 F.3d 631, 636 (7th Cir. 2013).

     The complaint indicates that the plaintiff was denied benefits for lack of disability, that the plaintiff is disabled and that the conclusions and findings of fact by the Commissioner when denying benefits are not supported by substantial evidence and are contrary to law and regulation. Dkt. No. 1 at 1-2.

2

Case 1:24-cv-00595-PP    Filed 05/15/24    Page 2 of 3    Document 5

At this early stage in the case, and based on the information in the plaintiff's complaint, the court concludes that there may be a basis in law or in fact for the plaintiff's appeal of the Commissioner's decision, and that the appeal may have merit, as defined by 28 U.S.C. §1915(e)(2)(B)(i).

The court **GRANTS** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 2.

Dated in Milwaukee, Wisconsin this 15th day of May, 2024.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**Chief United States District Judge**