UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

STEVEN T.,

Plaintiff,

v. Case No. 24-CV-595

FRANK BISIGNANO,
Commissioner of Social Security,

Defendant.

---

## DECISION AND ORDER ON REQUEST FOR AWARD OF ATTORNEY'S FEES PURSUANT TO 42 U.S.C. § 406(b)

---

Attorney Dana Duncan requests to approve an award of attorney's fees pursuant to 42 U.S.C. § 406(b) in the amount of $13,884.00. (Docket # 21). For the reasons further explained below, while I find counsel's requested fee of $21,084.00 reasonable, I will not award him the "net" amount of $13,884.00. Rather, counsel is directed to refund to Plaintiff the $7,200.00 previously awarded under the EAJA.

## BACKGROUND

On October 4, 2024, I granted the parties' stipulated motion to remand this case to the Administration for further proceedings, thus reversing the Social Security Commissioner's decision denying Plaintiff Steven T.'s claims for disability insurance benefits and supplemental security income. (Docket # 17.) The case was remanded for further proceedings pursuant to 42 U.S.C. § 405(g), sentence four. (*Id.*) I granted Plaintiff's request for attorney's fees under the Equal Access to Justice Act ("EAJA") on November 14, 2024, and awarded $7,200.00 in fees. (Docket # 20.) On remand, Plaintiff received a favorable decision awarding

disability insurance benefits and supplemental security income as of August 21, 2021. (Docket # 22 at 1.) The Social Security Administration issued a Notice of Award letter dated July 13, 2026, stating that the Administration was withholding $21,084.00, which amounts to 25 percent of his past due benefits of $84,336.00, to pay a fee for services before the Administration and the Federal Court. (Docket # 21-2 at 2.)

Plaintiff agreed to pay his attorney 25 percent of his past-due benefits award. (Docket # 21-1.) Again, the Administration withheld $21,084.00 from his past-due benefits to pay his representative. Plaintiff's counsel, Attorney Dana Duncan, seeks an award of $13,884.00, representing the $21,084.00 withheld as past-due benefits less the $7,200.00 previously awarded as fees under the EAJA. (Docket # 21 at 2.) *See Hanrahan v. Shalala*, 831 F. Supp. 1440, 1452 (E.D. Wis. 1993) ("When attorney's fees are awarded under both the SSA and the EAJA for the same services, an attorney is entitled to keep the larger fee but must return the smaller fee to the claimant.").

The Commissioner takes no position on counsel's request for attorney's fees in the amount of $21,084.00 under § 406(b). (Docket # 23 at 1.) Rather, the Commissioner requests that the Court's order specify that any amount it authorizes in § 406(b) fees be paid out of Plaintiff's past-due benefits "in accordance with agency policy." (*Id.* at 2.) The Commissioner further takes no position on counsel's request to award a "net" fee rather than requiring counsel to refund the EAJA fee previously granted; however, the Commissioner argues that the reasonableness determination of the § 406(b) fee request must be based on the full § 406(b) fees sought rather than the net fee awarded after the offset. (Docket # 23 at 2–3.)

## LEGAL STANDARD

The court must approve any fee under § 406(b). Congress intended such review not to override the claimant and counsel's fee arrangement but rather to act as an "independent check" to ensure that the arrangement yielded a reasonable result in the particular case. *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). "Congress has provided one boundary line: Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits." *Id.* Within the 25 percent boundary, the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered. *Id.* In making this determination, the court may consider the character of the representation and the results obtained, reducing an award if the attorney is responsible for delay in the proceeding that had the effect of inflating past-due benefits, or if the fee is so large in comparison to the amount of time counsel spent on the case that the fee would constitute a windfall to the attorney. *Id.* at 808.

## DISCUSSION

*1. Reasonableness of Award*

As noted above, Plaintiff entered into a 25 percent contingency fee agreement with counsel. Twenty-five percent of his total past-due benefits equals $21,084.00. Thus, counsel has met the "one boundary line" of requesting a fee that does not exceed 25 percent of the past-due benefits.

However, within the 25 percent boundary, counsel must still show that the fee sought is reasonable. Counsel asserts that 30.4 attorney hours were spent on Plaintiff's case. (Docket # 21-3 at 2.) The fee of $21,084.00 for 30.4 hours of work equates to an hourly rate of

approximately $693.55/hour.[1] Counsel further argues that 10.05 hours of paralegal time was expended on this case (Docket # 21-3) which counsel paid as staff compensation at a market rate of $125.00 per hour (Docket # 22 at 3). Counsel argues that he successfully litigated this case through federal court and his client was ultimately awarded benefits from August 21, 2021, as well as more than five years of additional backpay and Medicare benefits eligibility since February 2024. (*Id.* at 8.) Counsel states that he has more than 25 years of experience in Social Security law, is admitted to practice before multiple federal district courts and courts of appeals, and has argued 26 cases before the Seventh Circuit. (*Id.* at 10–12.) Finally, counsel argues that he takes a substantial risk in litigating such cases on a contingent fee basis as the cases often take years to resolve with no guarantee of success. (*Id.* at 13.) He argues that consideration must be given to the need to encourage attorneys to undertake representation in such cases. (*Id.*)

I agree that the fee sought is reasonable under *Gisbrecht*. First, the effective hourly rate sought of $693.55/hour is within the realm of reasonable fees approved by the federal district courts in Wisconsin. *See Garay v. Kijakazi*, No. 21-CV-65, 2023 WL 4532827, at *2 (E.D. Wis. July 13, 2023) (approving an hourly rate of $538.73 per hour for 46.5 hours of work); *Koester v. Astrue*, 482 F. Supp. 2d 1078, 1081 (E.D. Wis. 2007) (approving an hourly rate of $580.67 per hour for 38.80 hours of work); *Stemper v. Astrue*, No. 04-CV-838, 2008 WL 2810589, at *1 (W.D. Wis. July 14, 2008) (approving an hourly rate of $666 per hour); *but see Petitt v. Saul*, No. 18-CV-504, 2020 WL 11233371, at *1 (W.D. Wis. June 30, 2020) (finding a hourly rate of more than $1,000.00 presumptively unreasonable "absent extraordinary reasons"). Second,

[1] Counsel calculates the effective rate as $1,150.26/hour. (Docket # 22 at 3, 8.) However, the award ($21,084.00) divided by the hours (30.4) does not equal $1,150.26/hour but $693.55/hour.

Attorney Duncan represented Plaintiff on a contingent fee basis, which necessarily means counsel assumes a risk of non-recovery if unsuccessful. Further, while this case was remanded to the Administration pursuant to a joint motion by the parties, the stipulation occurred *after* Plaintiff filed his opening brief. (Docket # 12.) Thus, the nature and quality of the brief produced likely contributed to the Commissioner's decision to stipulate to remand. Also, counsel obtained a favorable result for Plaintiff, who was awarded disability benefits and past due benefits. And finally, Attorney Duncan brought substantial experience to this case, having represented Social Security disability claimants for over 25 years. For these reasons, pursuant to *Gisbrecht*, I find the requested fee is reasonable.

*2. Paying the "Net" Amount*

While I agree that Attorney Duncan's requested fee is reasonable, counsel is asking the Court not only to approve the reasonableness of the fee but also to order the fee to be dispersed in a specific manner. In 1985, Congress amended the EAJA to clarify that an attorney does not violate § 406(b)(2) by accepting an EAJA fee in addition to a court fee under § 406(b)(1)—"but only if, where the claimant's attorney receives fees for the same work under both [§ 406(b)(1)] and [the EAJA], the claimant's attorney refunds to the claimant the amount of the smaller fee." *O'Donnell v. Saul*, 983 F.3d 950, 953 (7th Cir. 2020) (citing Pub. L. No. 99-80, § 3, 99 Stat. 183 (Aug. 5, 1985)). Because this "Savings Provision" of the EAJA provides that counsel cannot keep both the EAJA fee and the § 406(b) fee, attorneys often request that rather than requiring *counsel* to refund the EAJA fees to the client, the *court* subtract the EAJA amount already paid from the § 406(b) fee requested and award counsel the net amount as the § 406(b) fee. The Commissioner often takes no position on whether the Court should

utilize this "netting" method of recovery, and that is the Commissioner's position in this case as well. (Docket # 23 at 3.)

The Seventh Circuit, however, has stated that the netting method is disfavored because the language of the Savings Provision "imposes an obligation on the attorney—not the court, not the Commissioner—to return the amount of the smaller fee to the claimant." *O'Donnell*, 983 F.3d at 957. And it is the role of the Court to apply that statute as written, "even if we think some other approach might accor[d] with good policy." *Id.* at 958 (internal quotations and citation omitted). The *O'Donnell* court also noted, however, that the language of § 406(b)(1) vests the court with discretion to award a reasonable fee and determine what that fee is—"It certainly does not restrict that discretion by compelling the court to award whatever fee, in whatever form, the lawyer requests." *Id.* at 957.

Counsel argues that if the netting method is not used, he *may* have to pay taxes on the amount *if* Plaintiff does not file taxes. (Docket # 22 at 14.) Counsel's argument rests on two contingencies that may not occur. Given the Seventh Circuit's guidance in *O'Donnell*, I decline to utilize the netting method in considering counsel's request for § 406(b) fees.

*3. Commissioner's Requested Language*

Turning last to the Commissioner's request that the Order contain specific language stating that the § 406(b) fee is to be paid out of Plaintiff's past-due benefits in accordance with agency policy, I do not find it necessary to add such language. The Commissioner fears a situation where the "pool" of fees the Administration withheld is depleted by other fee awards, thus leaving an insufficient amount to pay the § 406(b) fee approved. But the Court is tasked with determining the reasonableness of the § 406(b) fee, not to interfere with

Plaintiff's contractual obligations. Plaintiff agreed to pay counsel 25 percent of his past due benefits and "Social Security Act fees, whether for services before the SSA or the court, are the plaintiff's debt and not the government's." *Binder & Binder, P.C. v. Colvin*, 818 F.3d 66, 71 (2d Cir. 2016). Thus, it is unnecessary to add this extra language to the Order.

**ORDER**

**NOW, THEREFORE, IT IS HEREBY ORDERED** that Plaintiff's motion for an award of attorney's fees pursuant to 42 U.S.C. § 406(b) (Docket # 21) is **GRANTED**. Attorney Dana Duncan is awarded fees in the amount of $21,084.00.

**IT IS FURTHER ORDERED** that upon receipt of this sum, Attorney Duncan is directed to refund $7,200.00, representing fees that were previously awarded under the EAJA, directly to Plaintiff.

Dated at Milwaukee, Wisconsin this 26th day of August, 2026.

BY THE COURT

NANCY JOSEPH
United States Magistrate Judge